## M. Swarttz & Sons, Appellant, v. M. Goodman, Appellee.

### Gen. No. 5485.

1. APPEALS AND ERRORS—*when sufficiency of evidence not subject to review.* If the bill of exceptions does not contain any motion for new trial, any ruling of the court thereon, any exception to such ruling, the question as to whether or not the verdict is supported by the evidence is not presented for review.

2. APPEALS AND ERRORS—*when rulings upon instructions not considered.* If the instructions are merely complained of and the points relied upon in support of the assignments of error not pointed out, the propriety of the instructions will not be considered on review.

3. APPEALS AND ERRORS—*how original documents presented.* If it is considered advisable for the Appellate Court to see original documents they should be required to be certified up by the trial court; they cannot be photographically presented in the briefs.

Appeal from the County Court of Grundy county; the Hon. GEORGE BEDFORD, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

CORNELIUS REARDON, for appellant.

J. W. RAUSCH, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Appellant is engaged in the manufacture and sale of clothing, with places of business in Philadelphia and Chicago.. Appellee is a retail merchant, with stores in Essex, Reddick, South Wilmington and Gardner, in Kankakee and Grundy counties. In the fall of 1909 a salesman of appellant, named Bilsky, called upon appellee at his store in Essex, and did not sell him any goods there. Bilsky stayed in Essex that night and went with appellee to appellee's store in South Wilmington the next day. The evidence tends to show that appellee became intoxicated before reach-

ing his store in South Wilmington, but whether that is proven or not, the evidence is undisputed that Bilsky conducted his negotiations in South Wilmington with Charles Goodman, the son of appellee, who was in charge of the South Wilmington store. So far as the evidence shows, appellee took no part in the negotiations in South Wilmington. Bilsky sold a bill of goods amounting to $375 to appellee at South Wilmington through appellee's son, who was then about sixteen years of age. Appellee sold a portion of the goods so sold to him, and sent appellant a check for such portion. Appellee also shipped to appellant that portion of the goods which he did not sell. Appellant refused to receive the goods returned and sent appellee's check back to him. Appellee returned the check to appellant and it has since been retained by appellant. Appellant sued appellee in the County Court of Grundy county for the price of the goods, and upon a trial there was a verdict and a judgment for appellee, from which plaintiff below appeals.

Charles Goodman, the minor son of appellee, testified that Bilsky, the salesman of appellant, came to the store in South Wilmington with appellee on a certain morning; that appellee, the father of the witness, was "kind of boozy" and went to sleep in the back part of the store; that Bilsky then showed his goods and wanted the witness to buy clothing, with the understanding that Bilsky would help sell the clothing and that any clothing not sold could be shipped back to appellant; and that the witness did not want to do it but that Bilsky "convinced him to do it that way." Charles Goodman then bought goods to the amount of $375 of Bilsky and they were received by appellee at South Wilmington in due course of time. This evidence is undisputed by appellant. Bilsky was not a witness for appellant and we are bound to consider that Charles Goodman stated the contract with appellant's representative correctly.

Appellant claims that the following language: ''No goods taken back unless damaged, or by special agreement. Any objection to terms or prices as stated in this bill must be reported on receipt of same or no changes will be made at time of settlement. All goods shipped and released at risk of purchaser. No claims allowed after 5 days'' was printed at the top of their original invoices, but that it had been cut off by appellee or by some one in his interest, before such invoices were introduced in evidence. The proof by appellee is that the invoices, when introduced in evidence, were in the same condition as when received by him, but that is immaterial, for no printed matter at the top of the invoice could revoke or modify the contract previously made by their representative, Bilsky, with the son of appellee.

The bill of exceptions does not contain any motion for a new trial, nor any ruling of the court thereon, nor any exception to such ruling, and in that state of the record the question whether or not the verdict is supported by the evidence is not presented for review. Yarber v. C. & A. Ry. Co., 235 Ill. 589. The rulings of the court upon the instructions are preserved by the bill of exceptions, but appellant does not point out in its argument wherein the rulings upon instructions are erroneous. Appellant states in its brief that some instructions given are erroneous and that other refused instructions should have been given, but practically asks this court to search through the given and refused instructions for errors, and to reverse for any such error as we may find. We do not feel that counsel can cast that burden upon us, and consider that appellant's failure to point out errors in rulings of the court on instructions is a waiver of any such errors.

The original order was in the sum of $489.75, but the goods shipped amounted only to $375. Appellant has retained the check of appellee for $93 and has intro-

duced no proof to show that the check is not good for that amount. We must therefore consider that appellant has been paid for goods bought of it by appellee to the amount of $93. The balance of the goods bought by appellee have been returned by him under the terms of the contract with appellant's representative which is undisputed in the evidence. It is not disputed but what the check for $93 and the goods returned account for the entire bill of goods shipped by appellant to appellee, and the terms of the contract, as proven by appellee and not denied by appellant, gave appellee the right to return any and all goods which he was unable to sell.

Appellant has attached to its brief photographs of what it claims are the original invoices, so mutilated in the interests of appellee. Appellee has moved to strike these photographs from the briefs and that motion must be granted. It is obvious that appellant cannot make evidence in this way, that the originals should have been certified to us in the manner provided by the rules of this court, if it was considered advisable for us to see them, and this not having been done, the motion to strike the photographs from the briefs must be granted.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*